GRAHAM COUNTY v. W. K. TERRY & COMPANY AND FEREBEE & COMPANY.

(Filed 10 June, 1927.)

1. **Taxation—Counties—Bonds—Constitutional Law—Statutes — Amendments.**

   Where the Legislature has passed an act authorizing a county to pledge its faith and credit in the issuance of bonds upon its several readings, upon its aye and no vote in accordance with Art. II, sec. 14, of the State Constitution, and by later ratification of an act requiring the question to be submitted to the qualified voters: *Held*, it is not required that the later ratified act be also passed in accordance with the constitutional requirement, and in the absence of a proper election, the bond issue will be declared invalid.

2. **Constitutional Law—Contracts—Vested Rights—Retroactive Statutes —Statutes—In Pari Materia.**

   Where a valid act authorizing a county to issue bonds has been passed in accordance with the provisions of the State Constitution, Art. II, sec. 14, leaving out the requirement that the question must first be submitted to the qualified voters, and another act ratified a few days later makes this requirement, the two acts will be construed *in pari materia*, and the later as not having a retroactive effect, and the county does not acquire a vested right under the first ratified act. Const., Art. I, sec. 17.

3. **Statutes—Amendments—Taxation—Bonds—Counties.**

   Where the Legislature has passed an act, according to the provisions of our Constitution, Art. II, sec. 14, authorizing a county to issue bonds, unless it is made to appear to the contrary, an act ratified several days later presumes a legislative intention to regard the first act as continuing within its contemplation, subject to amendment.

GRAHAM COUNTY v. TERRY.

**4. Same—Constitutional Law—Taxation—Counties—Bonds—Elections—Ratification by Electorate.**

Where the Legislature has passed an act authorizing a county to issue bonds according to the provisions of Const., Art. II, sec. 14, it is within its power to add a provision that the question be first submitted to the electorate of the county in order to the validity of the proposed bonds.

APPEAL by plaintiff from a judgment of *Stack, J.*, in a controversy without action. On 10 January, 1927, the board of commissioners of GRAHAM County adopted the following resolution:

"Whereas, the offer of Messrs. Ferebee & Company, of Andrews, N. C., and W. K. Terry & Company, for the purchase of $100,000 Graham County road and bridge bonds is the highest and best offer received, and it is hereby resolved that the said bonds be hereby awarded to Messrs. Ferebee & Company and W. K. Terry & Company, upon the terms of their bid now upon file with the register of deeds, and it is further agreed that this board will coöperate with the said Ferebee & Company with the view of having any necessary legislation enacted and the passage of any resolutions that may be necessary, with the view that said bonds be approved by their attorneys at the earliest possible date."

In the statement of facts it appears that the indebtedness of the county was equal to fifteen per cent of the taxable valuation of its property and "that said bonds would not be valid without an act of the Legislature." An act purporting to validate the bonds was passed in compliance with Constitution, Art. II, sec. 14, and ratified 4 March, 1927; and on 9 March, 1927, another act was ratified by the Legislature requiring the validating act to be submitted to the qualified voters of the county. The election has not been called. The board is ready to deliver the bonds and has demanded the purchase price, but the defendants have refused to accept the bonds on the ground that they would be invalid unless approved by a majority of the voters of the county. Judge Stack, being of opinion that the bonds are invalid and that the defendants are not required to take and pay for them, gave judgment accordingly, and the plaintiff excepted and appealed.

*R. L. Phillips for appellant.*
*No counsel contra.*

ADAMS, J. The appellant contends that the act submitting to the qualified voters of the county the question of issuing the bonds is ineffective because it was not passed in compliance with Art. II, sec. 14, of the Constitution. The section is as follows: "No law shall be passed to raise money on the credit of the State, or to pledge the faith of the State, directly or indirectly, for the payment of any debt, or to impose

any tax upon the people of the State, or allow the counties, cities or towns to do so, unless the bill for the purpose shall have been read three several times in each house of the General Assembly and passed three several readings, which readings shall have been on three different days, and agreed to by each house respectively, and unless the yeas and nays on the second and third readings of the bill shall have been entered on the journal."

The act of 4 March, purporting to validate the proceedings of the board of commissioners, was passed in accordance with the constitutional requirements and was not amended, changed, or modified as to its terms in any respect by the act which five days afterwards referred the question of issuing the bonds to the voters of the county. In *Glenn v. Wray*, 126 N. C., 730, cited by the appellant, the act authorizing a subscription for stock in a railroad company was amended on the third reading, and the question was whether the amendment was material. In the present case the object of the later act was to ascertain the will of the taxpayers—to give them an opportunity by means of a referendum to share in the legislative power which is reserved to the people (25 R. C. L., 804, sec. 53), and not to raise money on the credit of the county, or to pledge the faith of the county, or to impose a tax.

The plaintiff's second position is this: that upon ratification of the act of 4 March a binding contract existed between the plaintiff and the defendants which no subsequent legislation could impair; that the parties are protected by the constitutional provisions that no person ought to be deprived of his property but by the law of the land, and that no State shall pass any law impairing the obligation of contracts. Constitution of United States, Art. I, sec. 10; Constitution of North Carolina, Art. I, sec. 17.

The evil against which the Federal Constitution intended to guard was the effect incident to the operation of the forbidden law. *Barnes v. Barnes*, 53 N. C., 366. The resolution adopted by the board of commissioners contains this clause: "It is further agreed that this board will coöperate with the said Ferebee & Company (bidders for the bonds) with the view of having any necessary legislation enacted and the passage of any resolutions that may be necessary, with the view that said bonds be approved by their attorneys at the earliest possible date." It is evident, we think, that the resolution contemplated delivery of the bonds and completion of the contract only after the usual examination and approval of the law authorizing the issuance of the bonds. It affirmatively appears that the bonds have not been approved, presumably because the question whether they shall be issued has not been submitted to the voters of the county. The act requiring the bonds to be voted on was ratified on the fifth day after the ratification of the act purporting

to validate the resolution of the commissioners. The same Legislature, of course, enacted both statutes. Whether the later act was pending when the earlier was ratified the record does not disclose; but the two are so nearly related as to the date of ratification, the subject-matter being the same, that we cannot hold as a matter of law that the Act of 9 March has the effect of impairing the obligation of a contract in disregard of the constitutional inhibition. It seems to have been the purpose of the General Assembly not to treat as final the Act of 4 March, but to retain control of the subject for additional or supplemental legislation. That this was within the legislative power is not open to question. Cooley's Const. Lim., 152. We are not inadvertent to the principle that the law of contract enters into the contract itself (*Hill v. Brown,* 144 N. C., 117), or that vested rights may not be destroyed as a rule by the retroactive operation of a statute (*Lowe v. Harris,* 112 N. C., 472); but we think that neither of these principles is controlling in the case before us. The two statutes are *in pari materia* and must be construed together. Moreover, the question presented will be academic if an election is held and the bonds are approved.

Judgment affirmed.